CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
AUG 23 2005
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| RICKY E. HALE, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 1:04cv00053<br>) **MEMORANDUM OPINION**<br>) |
| KEMPER NATIONAL SERVICES,<br>INC., et al., | )<br>) By: Glen M. Williams<br>) Senior United States District Judge |
| Defendants. | )<br>) |

After Ricky E. Hale's long term disability benefits were terminated and his administrative appeals of the termination proved unsuccessful, Hale brought this suit against defendants Kemper National Services, Inc., ("Kemper") (formerly Broadspire), American Electric Power, ("AEP"), and American Electric Power Ltd. Plan, ("Plan"). This matter is currently before the court on the Plaintiff's Objection To Defendants' Brief In Support Of Its Motion For Summary Judgment, (Docket Item No. 32), filed April 13, 2005, and Defendants' Memorandum In Opposition To Plaintiff's Objection To Defendants' Memorandum In Support Of Their Motion For Summary Judgment, (Docket Item No. 38), filed April 29, 2005. The court has jurisdiction in this case pursuant to Section 502(e)(1) of the Employment Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C.A. §1132 (f) (West 2003).

## I. Facts

Hale was employed by AEP as a maintenance mechanic for approximately 11 years until a back impairment rendered him unable to perform his occupation. (R. at 9.) Hale was awarded Long Term Disability, ("LTD"), benefits on March 15, 2001. (R. at 4-5, 44-45.) However, these benefits were terminated on September 8, 2002, based on a determination that Hale was not disabled from "any occupation for which [he was] qualified by education, training or experience." (R. at 82-83.) Hale appealed this determination to Kemper, but the original termination was upheld on November 14, 2002. (R. 179-181.) Hale then appealed to AEP's Appeal Committee, which affirmed the discontinuance of LTD benefits on April 7, 2003. (R. at 278.)

## II. Analysis

Hale raises two arguments in support of his objection to defendants' motion for summary judgment. First, Hale argues that defendants' memorandum violates ERISA law by relying on impermissible discovery. (Docket Item No. 36, at 3-6.) Alternatively, Hale argues that the defendants' memorandum violates the court's pretrial order of October 12, 2004, which required all discovery be completed by December 12, 2004. (Docket Item No. 36, at 6-8.)

### A. ERISA Law

Hale argues that the defendants violated ERISA law by filing discovery that

-2-

exceeded the scope of the administrative record and relying on such information in their memorandum in support of its motion for summary judgment. (Docket Item No. 36, at 4.) However, defendants' declarations and exhibits do not amount to discovery within the meaning of its definition. Federal Rule of Civil Procedure 26 defines the scope of discovery as follows:

> Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property under Rule 34 or 45(a)(1)(C), for inspection and other purposes; physical and mental examinations; and requests for admission.

The documents at issue consist of two separate March 29, 2005 declarations, three exhibits, and an unpublished case. (Docket Item 29.) Federal Rule of Civil Procedure 56(a) provides that "[a] party against whom a claim...is asserted...may, at any time, move with...supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Thus, the defendants' declarations and exhibits fall within the ambit of Federal Rule of Civil Procedure 56(a) and were properly filed in conjunction with their motion for summary judgment.

Although judicial review is presumptively limited to the administrative record, upon good cause, it is within the court's discretion to consider additional evidence. *See DeFelice v. Am. Int'l Life Assurance Co. Of N.Y., 112 F.3d 61, 66-67 (2d Cir. 1997).* In the case at hand, Hale did not raise the conflict of interest issue in his complaint, nor did he conduct any discovery on

the matter but waited until he moved for summary judgment. Since Hale introduced the conflict of interest issue in his brief in support of motion for summary judgment, (Docket Item No. 20, at 11, 19-21), it is only fair that defendants be entitled to address the issue in their memorandum in support of their motion for summary judgment and through supporting evidence. As such, good cause existed for the court to review evidence beyond that included in the administrative record.

*B. The Court's Pretrial Order*

Hale also argues that defendants violated the court's pretrial order of October 12, 2004, which required all discovery be completed by December 12, 2004. As concluded above, defendants' declarations and exhibits are properly before the court on their motion for summary judgment and are not considered discovery. Therefore, defendants' memorandum and supporting documents did not violate the court's pretrial order.

*III. Conclusion*

Based on the above, the Plaintiff's Objection To Defendants' Memorandum In Support Of Its Motion For Summary Judgment will be DENIED. The plaintiff shall have 60 days to file counter affidavits, depositions, or other evidence concerning the documents objected to by the plaintiff.

-4-

An appropriate order will be entered.

DATED: This 23rd day August, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Case 1:04-cv-00053-GMW-PMS   Document 41   Filed 08/23/05   Page 5 of 5   Pageid#: 837